UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **BRAD SIGMON**,<br><br>      *Plaintiff,*<br><br>v.<br><br>**BRYAN P. STIRLING in his official capacity as Director of the South Carolina Department of Corrections; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,**<br><br>      *Defendant.* | **Death Penalty Case**<br><br>**3:21-cv-00278-RBH**<br><br>**CONSENT ORDER** |

The Plaintiff and Defendant have reached an agreement in this case and move the Court to enter a consent order resolving this matter. The Court orders the following:

1. Defendant agrees to provide Plaintiff with all current protocols related to its legally authorized methods of execution: lethal injection and electrocution.

2. Defendant will provide a supplemental document with information, to the extent Defendant has it, detailing: the electrical current it intends to use when conducting an execution by electrocution, including its current in Amperes, its voltage in Volts, its planned duration and frequency of application, and its source; the nature of the electrical connection to the inmate, including the type of electrodes and sponges used and the saline content of the solution; the procedures for recording the voltages and currents during the execution, including whether ammeters and voltmeters will be used and, if so, how many, of what current and voltage range, and at what points along the current; whether circuit breakers will be used, and if so, their location in the circuit; the procedures in place in the event of

fire, current failure, a tripped circuit breaker, a blown fuse, or other unexpected event; and what testing procedures the Department of Corrections has used to ensure its equipment and protocol is working properly, including when the procedure was last tested, what was actually tested, and all data measured and recorded during testing.

3. Defendant also possesses security procedures that it will not disclose to Plaintiff in order to safeguard the identities of members of the execution team and sensitive information concerning the infrastructure used and the movements of personnel during the preparation for and administration of the execution.

4. Defendant affirms that the information concerning its administration of executions detailed in the affidavit of Colie Rushton remains accurate.

5. Defendant further affirms that it does not currently possess any lethal injection drugs and accordingly has no information to disclose in response to Plaintiff's requests related to manufacturers and suppliers of its lethal injection drugs.

6. Defendant agrees to notify Plaintiff of any change to their execution protocols or procedures or to the information in Mr. Rushton's affidavit and the additional materials provided pursuant to this order as to either of their legally authorized methods of execution within 72 hours of the Supreme Court of South Carolina's order scheduling Plaintiff's execution and immediately provide him with updated versions of the same.

7. Plaintiff agrees to dismiss this action without prejudice. The parties agree that nothing in this Order precludes Plaintiff from bringing a challenge to Defendant's methods of execution. The parties agree that while Plaintiff might seek access to the information that Defendant has declined to disclose here in any subsequent action challenging Defendant's method of execution, Defendant's decision not to disclose it here will not constitute an

independent basis for any future civil action by Plaintiff.

8. This Order is not intended to resolve or preclude any other pending actions unless the parties and counsel to those other actions expressly enter an additional agreement in those actions.

9. The parties have entered into the attached Confidentiality Order and agree the Order will govern the Plaintiff and Defendant in future actions related to Plaintiff's execution.

10. The parties agree to bear their own costs, fees, and expenses related to this civil action, and further agree that this Consent Order shall not be construed in any manner to establish prevailing party status to any of the parties hereto.

**IT IS SO ORDERED**.

April 30, 2021                                                              s/R. Bryan Harwell
Florence, South Carolina                                            R. Bryan Harwell
                                                                                    Chief United States District Judge


WE SO MOVE AND CONSENT:

*s/ Joshua Snow Kendrick*                          *s/ Daniel C. Plyler*
Joshua Snow Kendrick (Fed ID 9037)         DANIEL C. PLYLER Fed. ID # 9762
KENDRICK & LEONARD, P.C.                    AUSTIN T. REED Fed. ID # (pending)
506 Pettigru Street (29601)                          SMITH │ ROBINSON
P.O. Box 6938                                               2530 Devine Street, Third Floor
Greenville, SC 29606                                   Columbia, SC 29205
Tel: (864) 760-4000                                     (803) 254-5445
Josh@KendrickLeonard.com                      Daniel.Plyler@smithrobinsonlaw.com

Megan Barnes (Fed ID 13283)
Justice 360
900 Elmwood Ave, Suite 200
Columbia, SC 29201
(803) 765-1044
megan@justice360sc.org

Gerald "Bo" King
FEDERAL PUBLIC DEFENDER
Capital Habeas Unit

129 West Trade Street, Suite 300
Charlotte, NC 29202
Gerald_king@fd.org
*Admitted pro hac vice*

*Counsel for Plaintiff*